**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 25, 2013[*]
Decided February 27, 2013

**Before**

RICHARD A. POSNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 12-2196

| | |
|---|---|
| ERICA MOSBY, <br> *Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 10 C 8299 |
| LIBERTY MUTUAL INSURANCE CO., <br> *Defendant-Appellee.* | Rebecca R. Pallmeyer, *Judge*. |

**O R D E R**

Erica Mosby, an African-American woman, appeals the dismissal of her suit against Liberty Mutual Insurance Company, her former employer, claiming race and sex

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), 2000e-3(a), and 42 U.S.C. § 1981. The district court struck Mosby's complaint for presenting "nothing but conclusions," and granted her leave to file an amended complaint, identifying for her several potentially cognizable claims and directing her to present those claims in brief, numbered paragraphs. When Mosby did not amend her complaint but instead filed a series of frivolous motions, the district court dismissed the case. The court also denied Mosby's motion to vacate the judgment under Federal Rule of Civil Procedure 60(b).

In her brief Mosby does not develop an argument challenging the merits of district court's order, and instead asserts generally that the court erred by dismissing her lawsuit. We construe pro se filings liberally, but even a pro se brief must contain more than a general assertion of error. *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). A brief must contain "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies," FED. R. APP. P. 28(a)(9), and failure to comply with the rule will result in dismissal, *Anderson*, 241 F.3d at 545–46. Mosby has not explained why she thinks the district court's judgment is wrong and so her appeal is

DISMISSED.